# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**DONNY M. SCHNEIDER**
**MELINDA SUE SCHNEIDER**

**CHAPTER:** 13

**CASE NO.** 1:26-bk- 03173 HWV

**Debtor(s)**

☐ ORIGINAL PLAN
__1st__ AMENDED PLAN (indicate #)
**0** Number of Motions to Avoid Liens
**0** Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $7,335.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $182,246.00 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| February, 2026 | August, 2027 | $2,445.00 | | $2,445.00 | $44,010.00 |
| September, 2027 | March, 2029 | $3,199.00 | | $3,199.00 | $60,781.00 |
| April, 2029 | November, 2030 | $3,506.00 | | $3,506.00 | $70,120.00 |
| | | | | Total Payments: | $174,308.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*

    ☐ Debtor is at or under median income.
    *If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    ☒ Debtor is over median income. Debtor estimates that a minimum of $146,614.20 must be paid to allowed unsecured creditors in order to comply with the Means Test.

### B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2

*Check one of the following two lines:*

☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check One:*

☑ None.
*If this is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check One:*

3

⌐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Americhoice Federal Credit Union | 19 Wild Rose Lane, Mechanicsburg, Pennsylvania 17050 | 0052 |
| LoanDepot | 19 Wild Rose Lane, Mechanicsburg, Pennsylvania 17050 | 4316 |
| PSECU | 2022 Hyundai Tucson | 001 |

## C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). *Check One:*

⌐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PSECU | 2022 Hyundai Tucson | Per allowed proof of claim ($226.00 est.) | | Per allowed proof of claim ($226.00 est.) |

4

| LoanDepot | 19 Wild Rose Lane, Mechanicsburg, Pennsylvania 17050 | Per allowed proof of claim ($653.00 est.) | | Per allowed proof of claim ($653.00 est.) |
|---|---|---|---|---|

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☑ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.
*If this is checked, the rest of § 2.E need not be completed or reproduced.*

5

☐ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |

**F. Surrender of Collateral.**   *Check One:*

☐ None.
*If this is checked, the rest of § 2.F need not be completed or reproduced.*

☒ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Palmera Vacation Club | Hilton Head Timeshare. |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check One:*

☑ None.
*If this is checked, the rest of § 2.G need not be completed or reproduced.*

6

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | | | |
|---|---|---|---|
| Name of Lien Holder | | | |
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $5,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ Enter text here. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

   ☑ None.
   *If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

Case 1:25-bk-03173-HWV    Doc 27    Filed 02/20/26    Entered 02/20/26 13:22:38    Desc
Main Document      Page 7 of 16

☐   The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

**B.   Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**C.   Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☑   None.
*If this is checked, the rest of § 3.C need not be completed or reproduced.*

☐   The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**4.   UNSECURED CLAIMS.**

**A.   Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

☐   None.
*If this is checked, the rest of § 4.A need not be completed or reproduced.*

☒   To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

8

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| Capital One, N.A. (Claim 7) | Joint Claim of Debtors | $1,515.90 | 0% | $1,515.90 |
| JP Morgan Chase Bank (Claim 5) | Joint Claim of Debtors | $6,452.51 | 0% | $6,452.51 |

**B.** **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

☑ None.
*If this is checked, the rest of § 5 need not be completed or reproduced.*

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**6. VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☒ closing of case.

**7. DISCHARGE:** *(Check one)*

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

9

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Debtors' plan includes two step ups in payments. These step ups are related to when the Joint Debtor's 401(k) loans (there are two) are repaid in full. The first step up shall be September, 2027 and the Second shall be April, 2029.

Dated: February 20, 2026

s/Chad J. Julius
Attorney for Debtor

s/Donny M. Schneider
Debtor

s/Melinda Sue Schneider
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

10

## IN THE UNITED STATES BANKRUPTCY COURT
## OF THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: **DONNY M. SCHNEIDER** :
        **MELINDA SUE SCHNEIDER** : Case No: 1-26-bk-03173-HWV
              Debtor, : Chapter 13

        Notice is hereby given that Donny M. Schneider and Melinda Sue Schneider (the "Debtors") have filed a **1st Amended Chapter 13 Plan** (the "Plan"). The hearing on confirmation of the Plan of reorganization of the Debtor is scheduled for **April 1, 2026 at 9:30 a.m.** The hearing will be held at the United States Bankruptcy Court, Courtroom 4B of the Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania 17102.

**March 25, 2026** is the deadline for filing objections to confirmation of the Plan. Anyone wishing to object to the Plan must do so in writing. Any objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth specifically the basis for such objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below on or before **March 25, 2026.** The objecting party shall appear at the hearing. Unless objections are timely filed and the objecting party appears at the hearing, the Court may approve the Plan. A copy of any objection to the Plan must be served on Debtor's counsel, 8150 Derry Street, Harrisburg, Pennsylvania 17111, facsimile 717-909-7878, such that they have receipt of such objection on or before **March 25, 2026.**

Initial requests for a continuance of hearing (L.B.F. 9013-4, Request to Continue Hearing/Trial with Concurrence) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Copies of all documents filed in connection with this matter are available for inspection at the Clerk's office located on the 3rd floor of the Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania 17102

                                CLERK
                                UNITED STATES BANKRUPTCY COURT
                                MIDDLE DISTRICT OF PENNSYLVANIA
                                THE SYLVIA H. RAMBO COURTHOUSE
                                1501 N. 6th Street
Date: February 20, 2026            HARRISBURG, PA 17102

1

## CERTIFICATE OF SERVICE

I, Dera Shade, with Jacobson, Julius & Harshberger do hereby certify that on this day I served the within *Notice to Parties in Interest and 1st Amended Chapter 13 Plan* upon the following persons via the ECF/CM or Certificated Mail system and/or by depositing a true and correct copy of the same in the United States Mail, first class, postage prepaid:

ECF/CM:
Jack N Zaharopoulos (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

U.S. Trustee
Box 302
Sylvia H. Rambo United States Courthouse,
1501 North 6th Street, Harrisburg, Pennsylvania 17102

VIA FIRST-CLASS MAIL

All creditors on the mailing matrix (attached).


DATED: February 20, 2026        s/Dera Shade
                                             Dera Shade, Paralegal

2

Label Matrix for local noticing
0314-1
Case 1:25-bk-03173-HWV
Middle District of Pennsylvania
Harrisburg
Fri Feb 20 12:46:55 EST 2026

U.S. Bankruptcy Court
Sylvia H. Rambo US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102-1104

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Americhoice Fed Cr Uni
20 Sporting Green Dr
Mechanicsburg, PA 17050-2392

Amex
Correspondence/Bankruptcy
Po Box 981535
El Paso, TX 79998-1535

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899-8801

Best Egg
Attn: Bankrupcty
Po Box 42912
Philadelphia, PA 19101-2912

Capital One
AttN: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One
Po Box 31293
Salt Lake City, UT 84131-0293

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

(p)CENLAR FSB
425 PHILLIPS BLVD
EWING NJ 08618-1430

Chase Card Services
Attn: Bankruptcy
Po Box 15299
Wilmington, DE 19850-5299

Citi Card/Best Buy
Attn: Citicorp Cr Srvs Centralized Bankr
Po Box 790040
St Louis, MO 63179-0040

Citibank
Attn: Bankruptcy Department
P.O.Box 790046
St. Louis, MO 63179-0046

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD  57108-5027

Citibank/NBT
Attn: Bankruptcy
Po Box 6500
Sioux Falls, SD 57117-6500

Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790046
St Louis, MO 63179-0046

(p)SOUTHWOOD FINANCIAL LLC
ATTN ATTN BANKRUPTCY DEPARTMENT
45610 WOODLAND ROAD SUITE 440
STERLING VA 20166-4221

Comenity Bank/Lane Bryant CC
Comenity Bank, Bankruptcy Department
Po Box 182125
Columbus, OH 43218-2125

Comenity Capital
Attn: Bankruptcy
Po Box 182273
Columbus, OH 43218-2273

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

(p)FIRST NATIONAL BANK OF OMAHA
1601 DODGE ST
STOP CODE 3113
OMAHA NE 68102-1637

Homeplus Fin
600 Lairport Street
El Segundo, CA 90245-5004

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Kinecta Federal Credit Union
Attn: Bankruptcy
P.O. Box 10003
Manhattan Beach, CA 90267-7503

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lending Club
Attn: Bankruptcy
595 Market Street, Suite 200
San Francisco, CA 94105-5839

LoanDepot
Attn: Bankruptcy
26642 Towne Center
Foothill Ranch, CA 92610-2808

```
(p)M&T BANK                              Members 1st FCU                          Navient
LEGAL DOCUMENT PROCESSING                Attn: Bankruptcy                         Po Box 9500
626 COMMERCE DRIVE                       Po Box 8893                              Wilkes Barre, PA 18773-9500
AMHERST NY 14228-2307                    Camp Hill, PA 17001-8893


Onemain                                  (p)PORTFOLIO RECOVERY ASSOCIATES LLC     PSECU
Po Box 1010                              PO BOX 41067                             Attention: Bankruptcy
Evansville, IN 47706-1010                NORFOLK VA 23541-1067                    Po Box 67013
                                                                                  Harrisburg, PA 17106-7013


PSECU                                    Palmera Vaction Club                     Resurgent Capital Services as servicing agen
PO BOX 67013                             33 Office Park Road, Ste 219             Resurgent Capital Services
HARRISBURG, PA 17106-7013                Hilton Head Island, SC 29928-4655        PO Box 10587
                                                                                  Greenville, SC 29603-0587


Sofi Bank, N.A. (F.K.A. Golden Pacific Bank,   (p)MOHELA                          Syncb/Old Navy
Resurgent Capital Services               CLAIMS DEPARTMENT                        Attn: Bankruptcy
PO Box 10587                             633 SPIRIT DRIVE                         Po Box 96506
Greenville, SC 29603-0587                CHESTERFIELD MO 63005-1243               Orlando, FL 32896-0001


Syncb/car Care Pep B                     Syncb/walmart                           Synchrony Bank/ Old Navy
Attn: Bankruptcy Dept                    Po Box 71746                            Attn: Bankruptcy
Po Box 965065                            Philadelphia, PA 19176-1746             Po Box 965060
Orlando, FL 32896-5065                                                            Orlando, FL 32896-5060


Synchrony Bank/Amazon                    Synchrony Bank/Care Credit              Synchrony Bank/JCPenney
Attn: Bankruptcy                         Attn: Bankruptcy Dept                   Attn: Bankruptcy
Po Box 965060                            P.O. Box 965065                         Po Box 965060
Orlando, FL 32896-5060                   Orlando, FL 32896-5065                  Orlando, FL 32896-5060


Synchrony Bank/Lowes                     Synchrony Bank/Sams                     Synchrony Bank/Sams Club
Attn: Bankruptcy                         Attn: Bankruptcy                        Attn: Bankruptcy
Po Box 965060                            Po Box 965060                           Po Box 965060
Orlando, FL 32896-5060                   Orlando, FL 32896-5060                  Orlando, FL 32896-5060


Synchrony Bank/Select Comfort            Synchrony/Car Care                      (p)TD BANK USA N A
Attn: Bankruptcy                         Attn: Bankruptcy Dept                   C/O WEINSTEIN & RILEY P S
Po Box 965065                            Po Box 965065                           749 GATEWAY STE G601
Orlando, FL 32896-5065                   Orlando, FL 32896-5065                  ABILENE TX 79602-1196


Target                                   Target NB                              United States Trustee
c/o Financial & Retail Srvs              C/O Financial & Retail Services        US Courthouse
Mailstop BT POB 9475                     Mailstop BT PO Box 9475                1501 N. 6th St
Minneapolis, MN 55440-9475               Minneapolis, MN 55440-9475            Harrisburg, PA 17102-1104


(p)UPGRADE  INC                          Wells Fargo Bank NA                    Wells Fargo Bank, N.A.
2 N CENTRAL AVE                          Attn: Bankruptcy                       Wells Fargo Card Services
10TH FLOOR                               P.O.Box 393                           PO Box 10438, MAC F8235-02F
PHOENIX AZ 85004-4422                    Minneapolis, MN 55480-0393            Des Moines, IA 50306-0438
```

Wells Fargo Dealer Services
Credit Bureau Operations, Attn: Bankrupt
Mac D1127-028, Po Box 71092
Charlotte, NC 28272-1092

Wells Fargo Jewelry Advantage
Attn: Bankruptcy
Pob 10438 Mac F8235-02f
Des Moines, IA 50306-0438

loanDepot.com, LLC
5465 Legacy Drive, Suite 400
Plano, TX 75024-3192


Chad J. Julius
Jacobson, Julius & Harshberger
8150 Derry Street
Harrisburg, PA 17111-5212

Donny M. Schneider
19 Wild Rose Lane
Mechanicsburg, PA 17050-1666

(p)JACK N ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625


Melinda Sue Schneider
19 Wild Rose Lane
Mechanicsburg, PA 17050-1666



The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Bank of America
Attn: Bankruptcy
P.O.Box 15019
Wilmington, DE 19886

Cenlar
Attn: Bankruptcy
425 Phillips Blvd
Newark, NJ 08618

College Ave Student Loan Servicing, LLC
College Ave, Attn: Bankruptcy
233 N. King Street, Suite 400
Wilmington, DE 19801


Discover Financial
Attn: Bankruptcy
Po Box 30943
Salt Lake City, UT 84130

First National Bank of Omaha
1601 Dodge St Stop Code 3113
Omaha, Ne 68197-3113

(d)Fnb Omaha
Attn: Bankruptcy
P.O. Box 3128
Omaha, NE 68103


Jefferson Capital Systems LLC
PO Box 7999
St. Cloud, MN 56302-9617

(d)Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

M & T Bank
Attn: Bankruptcy
Po Box 844
Buffalo, NY 14240


PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

Sofi Lending Corp/MOHELA
Attn: Bankruptcy
633 Spirit Drive
Chesterfield, MO 63005


TD Bank USA, N.A.
C/O Weinstein & Riley, PS
749 GATEWAY, SUITE G-601
ABILENE, TX 79602

Upgrade, Inc.
Attn: Bankruptcy
275 Battery Street 23rd Floor
San Francisco, CA 94111

Jack N Zaharopoulos
Standing Chapter 13
(Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)LOANDEPOT.COM, LLC

End of Label Matrix
Mailable recipients    66
Bypassed recipients     1
Total                  67